### John Marks *versus* Charles Hapgood.

If the contract of sale of logs be illegal, as contravening the provisions of the St. 1824, c. 271, but a full consideration is paid and the logs are delivered, the seller can neither reclaim the logs, nor recover their value, by an action therefor.

And if, after the sale, the logs are attached as the property of the seller, the officer has no claims thereto superior to those of the debtor.

Replevin for sixty pine mill logs. General issue pleaded, with a brief statement, traversing the title of the plaintiff, and alleging, that the logs were the property of Greenlaw, and that he, as a deputy sheriff, attached them on a writ in favor of Munson against Greenlaw.

At the trial, before Shepley J. a verdict was rendered in favor of the plaintiff, and no objection appears to have been

made by exceptions, or by the report of the Judge, to the rulings or instructions. A motion, however, signed by the counsel for the defendants, was made and filed in these words. "And now, after verdict and before judgment, the defendant moves the Court here to set aside the verdict and grant a new trial :—

1. Because the verdict is against law and the direction of the Court.

2. Because it is against evidence and the weight of evidence."

The evidence was reported by the presiding Judge, but his rulings, or directions to the jury, do not in any way appear.

On Sept. 1, 1840, Kimball, then Indian agent for the Passamaquoddy tribe, gave a permit to Cross to cut certain timber on the Indian township; Cross assigned the permit to Greenlaw; on Nov. 30, 1840, Greenlaw and Marks entered into an agreement by which Greenlaw was to cut and haul the logs to Marks at a certain price, and Marks was to furnish supplies and means to enable Greenlaw to get the timber to the mills; after the timber was in the boom at Calais, on March 6, 1841, Marks paid to Greenlaw the balance due, and took a bill of sale of the logs; after this Hapgood attached the logs, as the property of Greenlaw, and took them into his possession; and then Marks brought this suit.

Cross and Greenlaw were inhabitants of this State, and Marks an inhabitant of the British Province of New Brunswick.

*T. J. D. Fuller*, for the defendant, contended that the sale from Greenlaw to Marks was illegal, and gave him no property. The logs still remain the property of Greenlaw, and subject to attachment by his creditors. A contract forbidden by law cannot be enforced; nor can a foreigner come into our State, and call into action our laws for the purpose of defeating the operation of our own statutes. Stat. 1824, c. 271 ; Stat. 1839, c. 388 ; 1 Johns. R. 433 ; 3 T. R. 455 ; 4 T. R. 406 ; *Wheeler* v. *Russell*, 17 Mass. R. 258; *Boies* v. *Blake.* 1 Shepl. 381.

*J. Granger*, in his argument for the plaintiff, among other grounds, contended, that possession alone was sufficient to enable the plaintiff to maintain this action, unless the defendant could show title in Greenlaw, as whose property he attached them. Now the case shows, that Greenlaw had sold and delivered the logs to the plaintiff before the attachment. Greenlaw, therefore, could set up no title against the plaintiff, and where there is no fraud, and none is pretended here, an attaching officer, or creditor, can stand in no better situation. As Greenlaw did not own the property, the officer, by his attachment, acquired no right to take the logs from the possession of the plaintiff. A third person who has obtained possession of property, which another acquired through an illegal contract, cannot set up such illegality to screen himself from accounting for the property. 2 Kent, 467 ; 1 Bos. & P. 3 ; 2 B. & P. 466 ; Chitty on Con. 232 ; 5 Day, 459 ; 13 Mass. R. 39. He also contended that the statutes cited on the other side were unconstitutional and void.

The opinion of the Court was by

SHEPLEY J. — This is an action of replevin brought by the plaintiff, a citizen of the Province of New Brunswick, against the defendant, a deputy sheriff, who had attached the logs replevied as the property of George C. Greenlaw. Most of these logs appear to have been cut by Greenlaw, upon the township of land reserved for the Passamaquoddy Indians, by virtue of a license granted by the Indian agent to Amos K. Cross, and assigned to Greenlaw, who entered into a written contract with the plaintiff to cut, haul and float the logs for him upon certain terms therein stated. To prove, that he owned the logs, the plaintiff introduced testimony tending to show, that he had purchased them of Greenlaw, and that they had been paid for and delivered, before they were attached by the defendant. And he obtained a verdict in his favor. The defendant now moves to set it aside upon testimony introduced by himself, that the plaintiff obtained his title by a violation of the provisions of the act of February 23, 1824, c. 271. If

the contract made on November 30, 1840, between the plaintiff and Greenlaw be regarded as illegal, when considered in connexion with the other testimony, the question arises, whether the defendant can impeach the title of the plaintiff by proving, that he acquired it by a violation of the provisions of the statute. Is the maxim *ex dolo malo non oritur actio,* applicable to this case? The action is not founded upon any illegal contract, or act of the plaintiff. Nor does he insist upon the execution of any such contract. That contract had been already executed. The Court is not called upon to carry it into effect, or to consider, that it ever was a subsisting and binding contract for the purpose of sustaining this action. If Greenlaw had sought to have the logs restored to him, because the plaintiff obtained them by a violation of the statute; he would have been met by the maxim *potior est conditio defendentis,* and must have failed. After he had received a valuable consideration for them, without any intention to defraud his creditors, it would seem, that they could not have any superior rights; and that they could not effect that through the intervention of an officer, which he could not himself accomplish. If the plaintiff had sold the logs to the defendant, he could not have avoided payment by showing, that the plaintiff had obtained them by a violation of law, unless his own title had been thereby impaired, or destroyed. The consideration of such a contract would not be illegal, nor would it be designed to accomplish an illegal purpose. It would be a new contract, not arising out of or connected with the original unlawful transaction. If a mere wrongdoer, who had taken the logs from the possession of the plaintiff, could successfully defend an action of replevin by showing, that the plaintiff had violated the provisions of a statute in obtaining them, any person, who could without violence, obtain possession of the goods of a merchant, might successfully resist his title to them by the like proof. If the plaintiff has been guilty of a violation of the provisions of that act in obtaining the logs, this action is not founded upon any such illegal act or contract, but simply upon his right of property and the wrong-

ful act of the defendant. It may be true, that an illegal act had before been connected with these logs, but they were not thereby so infected, that they could no longer be the subject of legal property. It would be subversive of the ordinary business of life to hold, that one could not maintain his title to property so situated.

In the case of *Boies* v. *Blake*, 13 Maine R. 381; the plaintiff had lawfully cut and stacked the hay under a license from the Indian agent. The defendant could claim title only by the same license, which declared him to be a trespasser. In this case the plaintiff was under no such necessity; and did not in fact rest his title upon the contract or license. They were introduced to defeat his title by the defendant, who had neither possession of the property, nor a right to take it, except as the property of Greenlaw, who had before parted with all his rights.

*Judgment on the verdict.*